IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01371-WYD-KMT

CATHY MARIE JACKSON,

    Plaintiff,

v.

SCHRYVER MEDICAL SALES AND MARKETING,

    Defendant

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

*Kathleen M. Tafoya*
*United States Magistrate Judge*

    This matter is before the court on "Defendant's Motion to Dismiss" ("Mot." [Doc. No. 8, filed January 8, 2008]). On January 28, 2008, "Plaintiff's Response to Defendant's Motion to Dismiss" ("Rsp. [Doc. No. 11][1]) was filed, to which defendant filed "Defendant's Reply in Support of Motion to Dismiss" ("Reply" [Doc. No. 12, filed February 4, 2008]).

    Defendant alleges that Plaintiff failed to make proper service of process upon it within the applicable time deadlines, failed to prosecute her claims, and alleged the Complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] Plaintiff's counsel is directed to D.C.Colo.LCivR 10.1, with which he is required to be familiar, and directed to henceforth utilize proper format for papers filed in the federal court.

## I.  *Background*

Plaintiff originally filed her *pro se* Title VII Complaint on June 29, 2007. [Doc. No. 1]. Outside of the fact that Plaintiff used a Title VII form to file her Complaint, nothing in the four page document actually describes any event she claims happened, how it affected her civil rights, how whatever happened relates to a deprivation of her civil rights, or exactly what civil rights she believes were violated.  On August 29, 2007, noting that no service had been made on the defendant, the court vacated the previously set Scheduling Conference and ordered the plaintiff "to effect service of the Complaint on the Defendant no later than December 26, 2007," 180 days subsequent to the filing of the Complaint. [Doc. No. 6, filed August 29, 2007].

On September 20, 2007, attorney Dennis L. Carder entered an appearance on behalf of the plaintiff. [Doc. No. 7]  In spite of the glaring deficiencies in the Complaint, the court docket reflects that Mr. Carder never filed an amended Complaint and, to date, has never filed a motion for leave to file an amended Complaint.

According to the defendant, "[o]n or about December 24, 2007, a woman entered Schryver Medical's offices and without any explanation deposited on the receptionist's desk a Summons in this action, . . . together with a copy of Plaintiff's Complaint, and then left Schryver Medical's offices."  (Rsp. at 2).  The plaintiff does not refute this factual rendition (Mot. at 1), but claims this manner of service is acceptable pursuant to C.R.C.P. 4(e)(1). *Id.*

There has been no activity in the case since the filing of the defendant's Reply on February 4, 2008.

## II. Analysis

### A. *Service of Process*

#### 1. *Proper Service Upon a Corporate Defendant*

Service of Process is governed by the Federal Rules of Civil Procedure and the District of Colorado Local Rules of Practice since this case originates in federal court. Federal Rules of Civil Procedure 4(c) provides

> (c) Service.
> (1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed. R. Civ. P. 4(h) provides

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

It is clear that the plaintiff did not comply with Fed. R. Civ. P. 4(h)(1)(B) since it is undisputed the receptionist at the office of Schryver Medical on December 24, 2008 was not "an officer, a managing or general agent or any other agent authorized by appointment or by law to

3

receive service of process." Therefore, in order to comply with the service requirements, the defendant corporation must have been served properly under the provisions of Fed. R. Civ. P. 4(h)(1)(A), which references Fed. R. Civ. P. 4(e)(1).

Fed. R. Civ. P. 4(e)(1) provides that service may be made "by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(e)(1) is the general provision of the federal process service rules which adopts and incorporates the state service of process rules for the jurisdiction within which the particular federal court is located. In this case, that means service can be made by reference to the Colorado state rules for service of process. This provision does not change the nature of the case or of the service or change the character of the defendant to be served. Whether the service is made pursuant to the federal rules or the Colorado rules, the plaintiff is still maintaining a suit against a corporation and therefore, the rules for service on a corporation apply.

C.R.C.P. (4)(e)(4) provides

(e) Personal Service. Personal service shall be as follows:
> 4) Upon any form of corporation, partnership, association, cooperative, limited liability company, limited partnership association, trust, organization, or other form of entity that is recognized under the laws of this state or of any other jurisdiction, (including any such organization, association or entity serving as an agent for service of process for itself or for another entity) by **delivering a copy thereof** to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other jurisdiction, or one of the following:
> > (A) An officer of any form of entity having officers;
> > (B) A general partner of any form of partnership;

> (C) A manager of a limited liability company or limited partnership association in which management is vested in managers rather than members;
> (D) A member of a limited liability company or limited partnership association in which management is vested in the members or in which management is vested in managers and there are no managers;
> (E) A trustee of a trust;
> (F) The functional equivalent of any person described in paragraphs (A) through (E) of this subsection (4), regardless of such person's title, under:
>> (I) the articles of incorporation, articles of organization, certificate of limited partnership, articles of association, statement of registration, or other document of similar import duly filed or recorded by which the entity or any or all of its owners obtains status as an entity or the attribute of limited liability, or
>> (II) the law pursuant to which the entity is formed or which governs the operation of the entity;
> (G) If no person listed in subsection (4) of this rule can be found in this state, upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

*Id.* (emphasis added).

For all the categories of persons who could be served when the defendant is a corporation, service must be made <u>by personal delivery</u> to that individual. C.R.C.P. 4(e)(4) Placing a copy of a summons and complaint on the desk of a receptionist, sitting at a front desk of an office, fits none of the requirements of either the Federal Rules of Civil Procedure, nor the

requirements of the Colorado Rules of Civil Procedure. Therefore, proper service has not been made on the defendant in this case.

## 2. *Effect of Failure to Properly Serve*

As case law construing the Fed. R. Civ. P. 4 makes clear, dismissal under Rule 4(m) is for lack of personal jurisdiction. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Williamson v. Sena*, 229 F.R.D. 663, 668 (D. N.M. 2005) (holding dismissal under Rule 4(m) is for lack of personal jurisdiction).

Fed. R. Civ. P. 4(m) provides,

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—<u>must dismiss the action</u> without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* (emphasis added). In this case, the court extended the time for service to 180 days by the August 13, 2008 order. Given that the defendant was not properly served within that time, the Complaint must be dismissed without prejudice unless exceptions as noted apply.

When proper service is lacking, a district court generally has discretion to either dismiss the case or reasonably extend the time for service. *Espinoza v. United States*, 52 F.3d 838, 840–41(10th Cir. 1995). *See also Wischmeyer v. Wood,* 2008 WL 2324128, 2 (D. Colo. 2008) If a plaintiff shows good cause for the delay, the district court must extend the time to serve the defendant. *Espinoza* at 841. As the Tenth Circuit has noted, a Rule 4(m) inquiry involves a

6

two-step analysis: "The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. . . . If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id.*

"Good cause" can be shown by demonstrating a defendant evaded service, *see Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991), or some other "showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified*." In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996). "A plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Id.* at 176. A district court "is clearly not compelled to accept a lesser 'excusable neglect' showing to support a finding of good cause." *Id.* The fact that in this case, Plaintiff's counsel read the wrong Rule, or interpreted the Rule incorrectly while trying to get a six-month old complaint served at the last minute during the holiday season, is an insufficient excuse for failure to effect service within the court ordered 180-day period. *See Cox,* 941 F.2d at 1125 (discussing cases); *Carlson v. Nat'l Petroleum, Inc.*, 135 F.R.D. 193, 195 (D. Colo.1991). This court finds that no "good cause" has been shown.

Even though Plaintiff has not shown "good cause" for her failure to serve the corporate defendant within the 180 day period, this court must consider whether a permissive extension of time to effect proper service should be granted. In this case, I find that permissive extension of the service deadline should not be granted since such an extension of time to effect proper

service would be futile, given that the Complaint itself fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B.  Fed. R. Civ. P. 12(b)(6) - Failure to State a Claim Upon Which Relief Can Be Granted

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief may be granted."

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Conclusory allegations without supporting factual averments, are insufficient to state a claim on which relief can be based. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a prima facie claim on which relief can be granted. *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902-903 (10th Cir. 1997). Although a plaintiff does not need to state each element of her claim

8

precisely, she must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), articulated a new "plausibility" standard to judge motions to dismiss, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

The plaintiff argues that she has properly set forth two issues in her Complaint: "a sexual discrimination as well as an ADA complaint." (Rsp. at 2) As with the Complaint itself, the court must guess that by "ADA complaint" the plaintiff means a complaint containing a claim for relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §§ 12101-12213. Of course, there is no such statutory reference in the Complaint, nor is the word disability even used.

Plaintiff makes several broad conclusory allegations such as "[t]he work place became hostile due to unfounded allegations of sexual harrassment (sic)" and "[s]everal requests were made for accommodations for this condition, but none were ever made." Nowhere does the plaintiff define what "this condition" actually is or what "unfounded allegations" were made and against whom those allegations were made. This court cannot ascertain whether it was the plaintiff who was accused of sexual harassment by someone and those accusations were "unfounded" or whether she is using the wrong adjective to describe something which happened to her. It is also unclear whether Plaintiff is claiming to have some sort of physical or mental disability when she refers to a "condition." The plaintiff claims she was "laid off" from her employment but rehired one week later "with the same exceptions." The court does not know

9

what the phrase "with the same exceptions" means or refers to. It also appears, based on the information in the Complaint, that Plaintiff continues to be employed and apparently, the adverse action about which she complains is a one week lay-off.

Fed. R. Civ. P. 8(a) states,

> A pleading that states a claim for relief must contain:
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Complaint in this case does not even come close to meeting these abbreviated requirements. The plaintiff has not set forth even one fact concerning either a sex harassment claim or a claim based on disabilities. The plaintiff does not state what, if any, disability she has and does not submit any facts whatsoever that she was discriminated against **at all**, much less on the basis of her disability or her sex. In paragraph 29 of the Complaint[2] the plaintiff states that the defendant violated her civil rights "by: I was rehired one week later with same exceptions as was required from the previous position. Medical condition was made known on more than one occasion. Several requests were made for accommodations for this condition, but none were ever made. There was never any issue of my attendance or work performance." (Compl. at 2)

---

[2] The court notes that paragraph 29 directly follows paragraph 5 of the Complaint both appearing consecutively on, page 2. There is no explanation for the absence of paragraphs 6-28.

This is the sum total of the "facts" supporting both claims for relief, except for the previously mentioned conclusory statement, "The work place became hostile due to unfounded allegations of sexual harrassment (sic)."

In no way or manner does this Complaint contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1974. In fact, the Complaint states no claim at all. Further, although the Complaint was originally filed by the plaintiff acting *pro se*, within several months of the filing of this Complaint, Mr. Carder entered an appearance on behalf of the plaintiff. At that time, given that no service had been made on the defendant, and certainly no answer had been filed, Fed. R. Civ. P. 15(a) would have permitted an amendment of the Complaint without leave of court. Counsel chose not to file an amendment to this facially insufficient Complaint and therefore should not be afforded the "liberal construction" often accorded to *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, even if such a liberal construction were to be applied, this Complaint still would not be even marginally compliant with the requirements for filing and maintaining a law suit.

It is therefore **RECOMMENDED** that "Defendant's Motion to Dismiss" [Doc. No. 8] be GRANTED.

**NOTICE: Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of**

Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins, Co. v. Wyo. Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate

**Judge's ruling).** *But see, Morales-Fernandez v. I.N.S.*, **418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).**

Dated this 7th day of August, 2008

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge