IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01371-WYD-KMT

CATHY MARIE JACKSON,

    Plaintiff,

v.

SCHRYVER MEDICAL SALES AND MARKETING,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on Defendant's Motion to Dismiss (filed January 8, 2008). Defendant seeks to dismiss Plaintiff's *pro se* Title VII Complaint filed June 29, 2007. This motion was referred to Magistrate Judge Tafoya for a recommendation by Order of Reference dated July 6, 2007, and Memorandum filed July 8, 2008.

    Magistrate Judge Tafoya issued a Recommendation on August 7, 2008, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Tafoya recommends therein that Defendant's Motion to Dismiss be granted. *See* Recommendation at 11.

    More specifically, the Recommendation notes that Defendant alleges that Plaintiff failed to make proper service of process upon it within the applicable time deadlines, failed to prosecute her claims, and that the Complaint fails to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6).

Magistrate Judge Tafoya found that Plaintiff failed to properly serve Defendant pursuant to FED. R. CIV. P. 4, even though the court extended the time for service to 180 days. Recommendation at 3-6. She also found that the case should be dismissed as a result of the effect of Plaintiff's failure to properly serve Defendant. *Id.* at 6-7. In deciding that issue, Magistrate Judge Tafoya found that Plaintiff had not stated good cause for the delay in serving Defendant, and that Plaintiff should not be given a permissive extension of time to effect service. *Id.* at 7-8. That is because such an extension would be futile, as the Complaint fails to state a claim upon which relief can be granted. *Id.*

Finally, Magistrate Judge Tafoya recommended that the case be dismissed for failure to state a claim upon which relief can be granted because Plaintiff did not meet the pleading requirements of FED. R. CIV. P. 8(a) as to her employment claims. *Id.* at 8-11. She stated that Plaintiff "does not set forth even one fact concerning either a sex harassment claim or a claim based on disabilities." *Id.* at 10. Further, Plaintiff "does not state what, if any, disability she has and does not submit any facts whatsoever that she was discriminated against **at all**, much less on the basis of her disability or her sex." *Id.* (emphasis in original).

Magistrate Judge Tafoya concludes that the Complaint does not contain "enough facts to state a claim for relief that is plausible on its face." *Id.* at 11 (quoting *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007)). She also noted that although counsel entered an appearance, he chose not to amend the complaint even though no service had been effected and he could have amended the complaint without leave of court pursuant to FED. R. CIV. P. 15(a). *Id.*

Based on the foregoing, Magistrate Judge Tafoya recommended that Defendant's Motion to Dismiss be granted. She did not make a recommendation as to whether the dismissal of the case should be without prejudice or with prejudice. Magistrate Judge Tafoya advised the parties that specific written objections were due within ten (10) days after service of a copy of the Recommendation. (*Id.* at 11-12). Despite this advisement, no objections were filed to the Recommendation.

No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Tafoya that Plaintiff failed to timely effect service on Defendant, that Plaintiff should not be given a permissive extension to serve Defendant, and that her claims should be dismissed for failure to state a claim upon which relief can be granted. I further agree that Plaintiff has not complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure in connection with her claims.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a de novo review, FED. R. CIV. P. 72(b).

Therefore, I find the Recommendation is well reasoned and that it should be adopted in its entirety. Defendant's Motion to Dismiss is granted and the case is dismissed. The dismissal of the case is without prejudice, however, as neither the magistrate judge nor the Defendant showed that the criteria for a dismissal with prejudice are satisfied. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916 921 (10th Cir. 1992)).

It is therefore

ORDERED that the Recommendation of United States Magistrate Judge (filed August 7, 2008) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendant's Motion to Dismiss (Doc. # 8 filed January 8, 2008) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

Dated: August 20, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge